IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TRUSTEES OF THE NORTHWESTERN**     Case No. 3:10 CV 739
**OHIO PLUMBERS AND PIPEFITTERS**
**PENSION PLAN, et al.,**

    Plaintiffs,                                 Magistrate Judge James R. Knepp, II

    v.                                             ORDER

**HELM & ASSOCIATES, et al.,**

    Defendants.

### INTRODUCTION

Pending before the Court are two motions. First, Plaintiffs filed a Motion in Limine to Prohibit Defendant from Introducing Evidence of Prior Jurisdictional Disputes and Plaintiffs' Motive in Conducting an Audit of Defendant and in Pursuing Litigation. (Doc. 120). Defendant filed an Opposition. (Doc. 123). Plaintiff did not file a Reply. Second, Defendant filed a Motion in Limine to Exclude Testimony of David Horvath from Trial Based on His Feb. 8, 2012 Deposition Testimony. (Doc. 125). No Opposition to this Motion was filed. For the reasons stated below, the Court grants in part Plaintiffs' Motion and grants Defendant's Motion.

### DISCUSSION

<u>Plaintiffs' Motion in Limine</u>

Plaintiffs argue Defendant should be prohibited from introducing evidence of any prior jurisdictional disputes between Defendant and the Local 50, as well as any evidence of Plaintiffs' motive in auditing and pursuing litigation against Defendant, on the grounds that these issues are irrelevant.

The Federal Rules of Evidence provide that "[e]vidence which is not relevant is not admissible." FED. EVID. RULE 402. The Rules define relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. EVID. R. 401. But even relevant evidence may be excluded if its probative value is substantially outweighed by, *inter alia*, the danger of unfair prejudice, confusion of the issues, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. EVID. R. 403.

To summarize the facts of consequence in this case, liability hinges essentially on the questions of who did what kind of work and when. Did covered employees perform covered hours of work under one of the applicable CBAs? Of course, there are other issues which may be relevant, such as Defendant's record keeping and the accuracy of Plaintiffs' audit. For a more thorough discussion of the relevant issues of material fact in this case, the Court refers the parties to its Memorandum Opinion and Order dated October 4, 2011 (Doc. 71) and to its Order dated January 20, 2012 (Doc. 119).

Evidence of past jurisdictional disputes and Plaintiffs' motive in auditing Defendant may be relevant for purposes of disputing the accuracy of the audit by impeaching the credibility of those who were involved in preparing it. This evidence may also be relevant to impeach the veracity of select witnesses. However, beyond this limited scope, evidence of prior jurisdictional disputes and Plaintiffs' motive for the audit has no tendency to make any fact of consequence any more or less probable, and is therefore not relevant. Defendant will be prohibited from introducing evidence of these issues except on the limited basis explained above.

Defendants' Motion in Limine

Defendant seeks to exclude Ohio prevailing wage law investigator David Horvath from testifying at trial on the basis of his deposition testimony in which he indicated he did little more than a post-hoc review of documents. (Doc. 124, at 12–13). Defendant previously sought to exclude the testimony of Horvath on the basis that his testimony would be irrelevant. (Doc. 104). In its Order dated January 20, 2012, the Court said, with respect to Mr. Horvath:

> To the extent Horvath would testify about Defendant's failure to comply with Ohio prevailing wage law, his testimony would not make Defendant's liability for unpaid plan contributions or union dues any more or less probable, and, therefore, [is] irrelevant. However, if Horvath has personal knowledge about Defendant's alleged unpaid ERISA plan contributions or union dues, record keeping, or any other issue relevant to the case, he may testify to that knowledge. . . .
>
> Certainly, Horvath would not be permitted to take the stand as a non-expert and give his opinion of whether work was covered work or employees were "employees" under the pertinent CBAs if his investigation comprised nothing more than a post-hoc review of documents. Such opinions would not be "rationally based on [his] perception". . . . Horvath may offer testimony of facts and opinion or inferences rationally related to his perception that are relevant to the issues in this case.
>
> Without more proffered testimony, the Court cannot determine the extent to which Horvath's testimony would be admissible.

(Doc. 119, at 7, 9).

Subsequent to the above Order, Defendant deposed Horvath. (Doc. 124). In his deposition, Horvath was asked whether he did anything in the course of his investigation "other than review documents provided" and have telephone conversations with relevant persons, and he responded, "No." (Doc. 124, at 12). "Basically," he said, "I reviewed the documentation provided by Helm & Associates." (Doc. 124, at 13). He was then pressed to reiterate that everything he knows "about the nature of the work performed" by Defendant's employees "is based on the review of documents" and telephone conversations, and Horvath said, "Yes." (Doc. 124, at 13).

3

Based on this deposition, it appears to the Court that Horvath has no personal knowledge of the relevant events in this case. As a non-expert, barring new information to the contrary, Rules 602 and 701 preclude his testimony. Defendant's Motion is granted, and Horvath's testimony will be excluded at trial.

## CONCLUSION

Plaintiffs' Motion (Doc. 120) is granted in part. Except to question the accuracy of the audit or impeach a witness, Defendant is prohibited from introducing evidence of Plaintiffs' motive in conducting an audit and pursuing litigation against Defendant, as well as evidence of any prior jurisdictional dispute. Also, Defendant's Motion (Doc. 125) is granted. As proffered, David Horvath's testimony will be excluded at trial.

IT IS SO ORDERED.

s/James R. Knepp, II<br>United States Magistrate Judge